UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REBA M. DONACHRICHA AND                     CIVIL ACTION
GEORGE DONACHRICHA, JR.

VERSUS
                                             NO. 14-510-JJB
DOLGENCORP, LLC d/b/a
DOLLAR GENERAL, ET AL.

**RULING ON MOTION TO DISMISS AND MOTION FOR ORAL ARGUMENT**

This case is before the Court on a Motion to Dismiss (Doc. 32) filed by third party defendant True Manufacturing Company, Inc. (True Manufacturing). True Manufacturing has moved to dismiss the third party complaint (Doc. 27) filed by Coca-Cola Bottling Company, Inc. (Coca-Cola). True Manufacturing filed a memorandum in support of its motion (Doc. 32-1), Coca-Cola filed an opposition to the motion (Doc. 35), and True Manufacturing filed a reply (Doc. 37). Coca-Cola has also filed a Motion for Oral Argument (Doc. 36).

**Background**

Plaintiff Reba Donachricha (Donachricha) claims that she slipped and fell, in a Dollar General store, in a puddle next to a Coca-Cola cooler. Donachricha sues Dollar General and Coca-Cola for failure to properly maintain the premises and the cooler, respectively. Coca-Cola then brought a third party claim against True Manufacturing for manufacturing an unreasonably dangerous cooler. True Manufacturing argues that Coca-Cola's third-party complaint is conclusory, does not provide a proper basis for its claims, and must therefore be dismissed.

**Standard of Review**

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## Analysis

The third party complaint is based on two claims by Coca-Cola: indemnity and contribution.

I.  Contribution

True Manufacturing cites La. Civ.Code Ann. art. 1805 and *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 268 (La. 1991), which state that contribution is only allowed between solidarily liable tortfeasors. True Manufacturing argues that it is not solidarily liable with Coca-Cola, pointing out that the companies are not alleged to be liable for the same acts, and solidarity is never presumed. *Hoefly v. Gov't Emps. Ins. Co.*, 418 So.2d 575, 579 (La. 1982); La. Civ.Code Ann. art. 1794.

In the absence of an agreement between the parties, the current version of La. Civ.Code Ann. art. 2324 only imposes solidary liability for intentional or willful acts. Coca-Cola does not allege that True Manufacturing committed an intentional or willful act or that the two companies are together liable for the same performance, and has not alleged any facts to rebut the

presumption against solidarity. Therefore, Coca-Cola has failed to allege a plausible claim for contribution.

II. Indemnity

Indemnity must arise either from contract or by law (either tort or quasi-contract). *Hamway v. Braud*, 838 So. 2d 803, 806 (La. Ct. App. 2002). Since there is no allegation of a contract between Coca-Cola and True Manufacturing, any obligation to indemnify must come from the law (legal indemnity). One only has a claim for legal indemnity if his fault, for which he seeks indemnity from the other party, is merely technical or constructive fault (also called "vicarious" or "derivative" fault). *Martco Ltd. Partnership v. Bruks Inc.*, 430 F. App'x 332, 335 (5th Cir. 2011); *Hamway*, 838 So.2d at 806. If a party is *actually* negligent or at fault, he cannot recover for legal indemnity. *Hamway*, 838 So.2d at 806.

In its opposition, Coca-Cola has essentially ignored all of True Manufacturing's points and restated, in a conclusory fashion, that it is entitled to indemnity and contribution. Coca-Cola cites *Martco Ltd. Partnership v. Bruks, Inc.*, *Nassif v. Sunrise Homes*, 739 So.2d 183, and *Bewley Furniture Co. v. Maryland Casualty Company*, 285 So.2d 216 (La. 1973) as examples of cases in which indemnity claims were successful. However, these cases actually support True Manufacturing's argument.

As True Manufacturing has pointed out, Coca-Cola does not claim to be at fault constructively or technically. If Coca-Cola's allegations (regarding Donachricha's claim against it) are found to be correct, it is not at fault at all. If Donachricha's allegations are found to be correct, then Coca-Cola is *actually* at fault. In neither case does Coca-Cola have a claim for indemnity against True Manufacturing. According to the Supreme Court of Louisiana, "the equitable principle of restitution applies in an action for indemnity to allow a defendant who is

only technically or constructively liable for a plaintiff's loss to recover from the party actually at fault [...]". *Nassif*, 739 So.2d at 186. If Coca-Cola is liable to Donachricha at all, it will be for negligently failing to properly maintain the machine, which is not passive negligence, and for which True Manufacturing cannot be held liable. See *Bewley Furniture Co.,* 285 So. 2d at 219.

In *Martco*, Coca-Cola's principal case, the United States Court of Appeals for the Fifth Circuit held that "[a] third-party claim for indemnity should be dismissed if '[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings ... in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault.'" *Martco Ltd. P'ship.,* 430 F. App'x at 335, quoting *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267-68 (5th Cir. 1991).

The relevant law overwhelmingly supports True Manufacturing's argument, as Coca-Cola has failed to describe any scenario in which it could be held constructively or technically liable to Donachricha for True Manufacturing's negligence. As a result, Coca-Cola's third party complaint has failed to meet the plausibility standard illustrated by the U.S. Supreme Court in *Bell Atl. Corp. v. Twombly*.

## Motion for Oral Argument

As this court will grant Coca-Cola leave to amend, its Motion for Oral Argument is moot.

## **Conclusion**

For the foregoing reasons, the Motion to Dismiss for Failure to State a Claim (Doc. 32) is DENIED at this time. Coca-Cola will have 30 days to amend its complaint. The Motion for Oral Argument (Doc. 36) is MOOT.

Signed in Baton Rouge, Louisiana, on June 23, 2015.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**