UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REBA M. DONACHRICHA AND                                CIVIL ACTION
GEORGE DONACHRICHA, JR.

VERSUS                                                 NO.: 14-510-JJB-RLB

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL

## ORDER

Before the court is a Motion to Compel filed by Defendant and Third-Party Plaintiff Dolgencorp, LLC d/b/a Dollar General ("Dollar General"). (R. Doc. 39). Dollar General seeks to compel Third-Party Defendant Coca-Cola Bottling Company United, Inc. ("Coca-Cola Bottling") to fully respond to certain interrogatories and requests for production. The motion is opposed. (R. Doc. 40). Dollar General has filed a Reply. (R. Doc. 43). For the following reasons, the Motion to Compel is **GRANTED in part and DENIED in part.**

**I.      Background**

Plaintiff initiated this action against Dollar General in state court, claiming that she slipped and fell in a puddle next to a Coca-Cola cooler in a Dollar General store. (R. Doc. 1-2 at 2-3). Dollar General removed the action on August 14, 2014. (R. Doc. 1)

On December 10, 2014, Dollar General filed a Third-Party Complaint naming Coca-Cola Bottling as third-party defendant. (R. Doc. 8). Dollar General alleges that prior to the accident, on December 9, 2008, it had entered into a "Beverage Agreement" with an entity named Coca-Cola Enterprises, Inc. ("Coca-Cola Enterprises") and its "Participating Bottlers." (R. Doc. 8 at 3). Dollar General alleges that Coca-Cola Bottling is a Participating Bottler pursuant to the Beverage Agreement. (R. Doc. 8 at 3). Dollar General further alleges that the Beverage Agreement requires Coca-Cola Bottling "to defend, indemnify, and hold harmless [Dollar General] from and against all

third party claims related to injury arising out of the negligence of Coca-Cola Bottling." (R. Doc. 8 at 3).

The court's scheduling order, which was entered on November 25, 2014, set non-expert discovery to close on June 30, 2015. (R. Doc. 5). Discovery is now closed.

Dollar General propounded the discovery at issue on April 23, 2015. (R. Doc. 39-2). Coca-Cola Bottling did not provide responses within 30 days of receiving the discovery requests. Dollar General did not move to compel production at that time the responses were due. On June 29, 2015, the day before the close of discovery, counsel for Dollar General sought responses to the outstanding discovery requests. (R. Doc. 39-3). Dollar General represents that the parties then held a telephone conference on June 30, 2015 in which counsel for Coca-Cola Bottling represented that responses would be provided later that day, and that Coca-Cola Bottling was objecting to Interrogatory Nos. 7 and 9, and Requests for Production Nos. 1, 3, and 4. (R. Doc. 39-1 at 4). According to Dollar General, these interrogatories and requests for production bear upon whether Coca-Cola Bottling is a "Participating Bottler" and subject to the "Beverage Agreement." (R. Doc. 39-1 at 2-3).

After the telephone conference, and apparently prior to receiving any responses, Dollar General filed the instant motion. (R. Doc. 39). Dollar General submits a Rule 37(a)(1) certificate with its motion stating that its counsel's e-mail request for the documents on June 29, 2015, and the telephone conference held on June 30, 2015, satisfy the good faith meet-and-confer requirements of Rule 37(a)(1). Coca-Cola does not argue that Dollar General did not satisfy its duties pursuant to Rule 37(a)(1) prior to filing the instant motion to compel.

Coca-Cola Bottling provided responses to the requested discovery on June 30, 2015. (R. Doc. 40-1). As stated in the telephone conference, Coca-Cola Bottling objected to Interrogatory Nos. 7 and 9, and Requests for Production Nos. 1, 3, and 4. Coca-Cola Bottling did not provide substantive answers to the foregoing interrogatories or produce any documents responsive to the foregoing requests for production.

2

## II. Law and Analysis

### A. Legal Standards

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party

believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

A party may withhold information which would be otherwise discoverable on the basis of privilege. Fed. R. Civ. P. 26(b)(1). A party withholding information on the basis of privilege must expressly make the claim and describe the nature of the document being withheld. Fed. R. Civ. P. 26(b)(5).

### B. Discovery Requests at Issue

#### 1. Interrogatories

Dollar General's Interrogatory Nos. 7 and 9, and the response to those interrogatories provided by Coca-Cola Bottling, are as follows:

> **Interrogatory No. 7:**
> Please state whether Coca-Cola Bottling Company United, Inc., is a "participating bottler" under the Beverage Agreement between "COCA-COLA ENTERPRISES, INC., acting on its own behalf and on behalf of all PARTICIPATING BOTTLERS," and DOLGENCORP, LLC, dated December 9, 2008, signed by Jason Bratton of Coca-Cola Enterprises, Inc., and James W. Thorpe of Dolgencorp, LLC (and affiliated Dollar General entities).
>
> **Response to Interrogatory No. 7**:
> Coca Cola Bottling Company United, Inc. objects to this interrogatory insofar as the referenced document was not attached to the discovery requests.

4

**Interrogatory No. 9:**
Please state whether Coca-Cola Bottling Company United, Inc., has elected to participate in the Beverage Agreement between "COCA-COLA ENTERPRISES, INC., acting on its own behalf and on behalf of all PARTICIPATING BOTTLERS," and DOLGENCORP, LLC, dated December 9, 2008, signed by Jason Bratton of Coca-Cola Enterprises, Inc., and James W. Thorpe of Dolgencorp, LLC (and affiliated Dollar General entities), including any subsequent amendments to said Beverage Agreement.

**Response to Interrogatory No. 9:**
Coca Cola Bottling Company United, Inc. objects to this interrogatory insofar as the referenced document was not attached to the discovery requests.

According to Dollar General, the information sought by these interrogatories is relevant to establish the relationship between Dollar General and Coca-Cola Bottling. (R. Doc. 39-1 at 2). Coca-Cola Bottling objects to these interrogatories on the basis that it is not a party to the Beverage Agreement, and it has not been provided a copy of the Beverage Agreement by Dollar General. (R. Doc. 40 at 2-3). Coca-Cola Bottling does not specifically indicate whether the Beverage Agreement is in its possession, custody, or control, despite being given the parties to the agreement, the signatories, and the date it was executed.

Coca-Cola Bottling sought to obtain a copy of the Beverage Agreement through its own Request for Production No. 1 propounded on Dollar General. (R. Doc. 40-2 at 1). Dollar General responded that it would not produce the Beverage Agreement in light of confidentiality issues unless Coca-Cola bottling admits it is a "Participating Bottler" pursuant to the agreement. (R. Doc. 40-2 at 1). It is unclear when the request for production was made, and when the response was provided.

The court agrees with Coca-Cola Bottling that it should not have to answer an interrogatory directed at a particular agreement that Dollar General will not provide on the basis of confidentiality. Dollar General could have sought a protective order governing the non-disclosure of confidential documents to third parties and produced the Beverage Agreement,

5

which is clearly relevant to this action.  Dollar General has provided no legal support for conditioning the production of the Beverage Agreement on an admission.  To the extent Dollar General seeks an admission that Coca-Cola Bottling is a Participating Bottler or otherwise subject to the Beverage Agreement, it should have propounded a request for admission.

That said, the court finds Coca-Cola Bottling's response somewhat evasive in light of the information sought by Dollar General.  Even if it is not a party to the Beverage Agreement, which the parties dispute, Coca-Cola Bottling can identify, in light of the information in its possession, custody, and control, whether it is a participating bottler in any beverage agreement or other contractual relationship between Coca-Cola Enterprises and Dollar General, or has otherwise elected to participate in such a beverage agreement or other contractual relationship between Coca-Cola Enterprises and Dollar General.  In addition, if Coca-Cola Bottling was a party to an agreement meeting the very specific criteria contained in the Interrogatory, it could have indicated that in its response.  Furthermore, these responses should have been made within 30 days of service – not only after being contacted by opposing counsel and facing a motion to compel.

For the foregoing reasons, the court will require Coca-Cola Bottling to provide a supplemental response to Interrogatory Nos. 7 and 9 identifying whether it is a participating bottler in any beverage agreement or other contractual relationship between Coca-Cola Enterprises and Dollar General, or has otherwise elected to participate in such a beverage agreement or other contractual relationship between Coca-Cola Enterprises and Dollar General.

### 2. Requests for Production

Dollar General's Request for Production Nos. 1, 3, and 4, and the response to those requests for production provided by Coca-Cola Bottling, are as follows:

> **Request for Production No. 1**:
> Please produce a copy of any and all agreements between Coca-Cola Bottling Company United, Inc., and any other party relative to the delivery of Coca-Cola products to Dollar General stores in Louisiana.
>
> **Response to Request for Production No. 1**:
> Coca Cola Bottling Company United, Inc., is not aware of any agreements between itself and any other party relative to the delivery of Coca Cola products to Dollar General stores in Louisiana.
>
> **Request for Production No. 3:**
> Please produce any and all contracts and agreements between Coca-Cola Bottling Company United, Inc., and Coca-Cola Enterprises, Inc., relative to the distribution of Coca-Cola products in the State of Louisiana.
>
> **Response to Request for Production No. 3:**
> Coca Cola Bottling Company United, Inc. objects to this request for production of documents insofar it is not likely to lead to the discovery of admissible evidence and/or contains confidential proprietary information.
>
> **Request for Production No. 4:**
> Please produce any and all contracts and agreements between Coca-Cola Bottling Company United, Inc., and Coca-Cola Refreshments USA, Inc., relative to the distribution of Coca-Cola products in the State of Louisiana.
>
> **Response to Request for Production No. 4:**
> Coca Cola Bottling Company United, Inc. objects to this request for production of documents insofar it is not likely to lead to the discovery of admissible evidence and/or contains confidential proprietary information.

Dollar General argues that the agreements sought are relevant to establish the relationship between Coca-Cola Bottling and Dollar General and to determine liability in the action. (R. Doc. 39-1 at 3).

In response to Request for Production No. 1, Coca-Cola Bottling states, in clear and unequivocal language, that it "is not aware of any agreements between itself and any other party relative to the delivery of Coca Cola products to Dollar General stores in Louisiana." It follows, therefore, that Coca-Cola Bottling will not have any such agreements to produce. Coca-Cola Bottling has fully responded to this request for production and need not provide any additional response.

With respect to Requests for Production Nos. 3 and 4, while these requests are broadly stated, Coca-Cola Bottling's objections are limited to relevance and confidentiality. Coca-Cola Bottling does not identify the approximate number of contracts and agreements that would be responsive to these requests as stated, and makes no demonstration as to their alleged irrelevance. The information sought by those requests for production—contracts and agreements that bear upon the distribution of Coca-Cola productions in the State of Louisiana—are relevant to Dollar General's claim that Coca-Cola Bottling is subject to the Beverage Agreement. The agreements sought are further relevant as they may establish what, if any, duties Coca-Cola Bottling owes to retailers in the State of Louisiana with regard to the distribution of Coca-Cola products. Considering the broad nature of the request, however, the court will limit the request to agreements that were in effect at the time of the underlying slip-and-fall at issue in this litigation.

With regard to the confidential nature of such documents, the court will allow the parties an opportunity to seek entry of a joint stipulated protective order prior to the date on which Coca-Cola Bottling must provide its supplemental responses. If the parties cannot reach an agreement, then Coca-Cola Bottling may independently seek entry of a protective order governing the non-disclosure of confidential information provided in its supplemental responses.

### C. Expenses

If a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(5)(C). In considering how to allocate costs, the court observes that this discovery dispute should have been resolved without court intervention. Dolgencorp should not have waited until the end of discovery to follow up on its propounded discovery, seek responses, and file a motion

to compel. Coca-Cola Bottling should not have ignored its duties pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure to provide complete responses within 30 days of service of discovery, and instead only provide responses when faced with a last minute Rule 37 conference and motion to compel. Accordingly, the parties shall bear their own costs.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 39) is **GRANTED in part and DENIED in part**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that any protective order governing the non-disclosure of confidential information provided in discovery in this matter shall be filed, either jointly or by Coca-Cola Bottling, no later than **July 27, 2015**.

**IT IS FURTHER ORDERED** that Coca-Cola Bottling shall provide supplemental responses to Dollar General's Interrogatories Nos. 7 and 9 (including identifying whether it is in possession or control of the Beverage Agreement) and supplemental responses to Dollar General's Requests for Production Nos. 3 and 4, no later than **July 31, 2015**.

Signed in Baton Rouge, Louisiana, on July 21, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**